Amos ROBINSON *v.* STATE of Arkansas

CA CR 81-84                                   623 S.W. 2d 534

Court of Appeals of Arkansas
Opinion delivered November 4, 1981

*R. Bynum Gibson, Jr.* of *Gibson & GIbson, P.A.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. On September 14, 1980, the Piggly Wiggly Food Store in Dumas, Arkansas, was robbed of $351.76. The appellant, Amos Robinson, was charged with

theft and aggravated robbery. Before the end of Robinson's trial on these charges, the State dropped the theft charge and the jury rendered a verdict of guilty of aggravated robbery and sentenced appellant to twenty years in the Department of Correction.

Appellant argues on appeal: (1) The lower court erred in overruling appellant's motion for a mistrial and in refusing to admonish the jury to disregard the prosecuting attorney's remark that appellant had a pistol in his possession at the time of the arrest; and (2) The lower court erred in refusing to sustain appellant's objection to hearsay testimony that appellant was driving a stolen car when he was arrested. Appellant raises a third point for reversal, contending the jury was illegally selected and constituted. This issue arose at trial because the entire panel of jurors had been exhausted during voir dire and additional jurors were sought and selected to complete the twelve member jury. Since we reverse this cause on another point and the third issue is unlikely to reoccur, we limit our discussion and decision to only the two arguments noted above.

The first issue raised by appellant concerns the prosecutor's comment on evidence that had been suppressed due to an illegal search. The record reflects that when appellant was arrested, the police conducted a search pursuant to an invalid search warrant. Appellant filed a timely motion to suppress, which was granted by the court prior to trial. The affidavit supporting the warrant was found to be insufficient by the trial court, and a pistol which was found as a result of that search was ordered suppressed. The following proceedings transpired at the bench, out of the hearing distance of the jurors:

> MR. BYNUM GIBSON: Okay. Your Honor, this business about the ah . . . pistol. Well, it's ah . . . I asked the Court to rule on my motion to suppress in . . . in Chambers, regarding the search warrant deal which included a pistol. Now, out of the hearing of the jury, I do not want ah . . . any mention to be made of that. Ah . . . if there is, then I will move for a mistrial. And a mistrial would be proper. Ah . . . if the State intends to

use it, we need to — really the Court should rule upon it in Chambers, but before any indication that the State intends to use it or bring it out in front of the jury — then we need to go in Chambers and have a hearing on it.

COURT: From what information I have now, that . . . that the ah . . . the ah . . . pistol will have to be ah . . . suppressed, from what I have . . . the information I have now — do you understand?

PROSECUTING ATTORNEY: I understand.

COURT: Okay.

MR. BYNUM GIBSON: All right. Well, I don't want any mention made of it in testimony.

It is clear from the context of the statements that the court, appellant and State agreed the pistol should be suppressed, and it was not to be mentioned by the State. Nevertheless, the prosecuting attorney, on cross-examination, asked the appellant what he did with the pistol he had in the car at the time of his arrest. Before appellant answered, defense counsel objected, stating the State had exceeded its limits. The prosecuting attorney responded: "I know he had a pistol with him — I want to ask him about it."

At this point, the appellant interposed, answering that his friend, who owned the car, had a pistol in his car. Appellant's attorney moved for a mistrial, which was overruled, and the attorney then requested the court to admonish the jury to disregard the prosecutor's remark. The court refused. Appellant contends the trial court's failure to prevent the remarks by the prosecutor, to declare a mistrial, or to admonish the jury constitutes reversible error.

Appellee contends appellant was not prejudiced by the prosecutor's remark concerning the pistol even though the weapon was inadmissible evidence. To support its contention, appellee argues that admissible testimony was given at trial by the robbery victim that appellant used a

pistol when he committed the crime. Since this testimony indicated appellant used a pistol at the time of robbery, appellee urges that the prosecutor's reference to appellant's possessing a pistol when he was arrested is harmless and nonprejudicial. We cannot agree.

First, appellant clearly denied committing the robbery, and testifying further, he claimed that he was not at the Piggly Wiggly store when it was robbed. The prosecutor's remark that appellant had a pistol when he was arrested tended to highlight and support, in part, the testimony given by the robbery victim.

The trial court had suppressed the pistol as evidence, yet the prosecutor subsequently asked what appellant did with the pistol he had in the car. The prosecutor followed up this question, to which appellant's counsel objected, with his prejudicial remark. It is settled law that where a suppression of evidence is ordered by the court due to an improper search and seizure, neither the items discovered as a result of the search nor testimony relating thereto is admissible in evidence. *Walton* v. *State*, 245 Ark. 84, 431 S.W. 2d 462 (1968).[1] The remark made by the prosecuting attorney was improper testimony related to evidence that was inadmissible and clearly prejudicial to appellant once it was stated. See *Nelson* v. *State*, 257 Ark. 1, 513 S.W. 2d 496 (1974).

Appellant's second argument concerns testimony of a witness who related information he heard on a scanner concerning the robbery. The witness testified that he had seen appellant because appellant's car had run out of gas near the witness's station. Apparently, the witness towed the car to the station and appellant left to obtain money with which to pay the tow and gas charges. The witness testified that after appellant had returned for and taken the car, someone reported the Piggly Wiggly robbery over the police scanner. The person's report included a description of a stolen car which the witness testified matched the one appellant was driving. The witness said that he called the

---

[1]This rule of law does not in any way render inadmissible the robbery victim's testimony given at trial that appellant used a pistol when he committed the crime.

State Police after hearing the description of the car over the scanner. Counsel objected to the witness's testimony because it was hearsay. The court overruled the objection, but it did admonish the jurors to disregard anything stated by the witness concerning an alleged stolen car. Appellant contends that the court erred in refusing to sustain his objection to hearsay testimony.

In order to find the testimony of the witness was hearsay, it must be shown that the statement was offered to prove the truth of the matter asserted therein. See Rule 801 (c), Uniform Rules of Evidence. The record does not reflect that the testimony given by the witness was offered to prove the appellant was driving a stolen car. The car, in fact, belonged to a friend of appellant's. Although the testimony of this witness may well be inadmissible for other reasons, we believe the court correctly held that it was not excludable on hearsay grounds.

We reverse and remand this cause for a new trial.

Reversed and remanded.