Larry NOTTINGHAM *v.* STATE of Arkansas

CA CR 89-55 778 S.W.2d 629

Court of Appeals of Arkansas
Division I
Opinion delivered October 11, 1989

*Pruitt & Hodnett*, by: *Ray Hodnett*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Ass't Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Larry Nottingham, appeals his conviction of DWI, a violation of Ark. Code Ann. § 5-65-103 (1987). Upon conviction, his driver's license was suspended for a period of ninety days, and he was fined $500, plus costs. On appeal, the appellant contends that it was error for the trial court to have allowed the admission of certain testimony on grounds of hearsay; that the evidence used against him should have been suppressed based on the arresting officer's lack of reasonable suspicion; and further, that there was no probable cause for his arrest. We find no error and affirm.

The appellant was arrested on the afternoon of December 30, 1987, by Officer Tom Bruce of the Mulberry Police Department. Officer Bruce testified that he received a phone call from the owner of the local Travel Mart alerting him of a possible DWI suspect who was seen driving in the parking lot in a vehicle described as a red Ford pick-up truck. Bruce testified that he immediately went to that location where he observed a vehicle, matching the description he had been given, as it was being parked at a neighboring gas station in a place not normally used by the public. He related that when he approached the vehicle, the motor was still running, but that upon looking in the window, the appellant appeared to be asleep. He stated that he also saw a beer can positioned between the appellant's legs. Bruce said he then attempted to rouse the appellant by tapping on the window, but when that effort proved to be unsuccessful, he opened the door of the vehicle and shook the appellant in order to awaken him. Bruce stated that he detected the strong odor of intoxicants, and that when talking with the appellant, he was somewhat incoherent and his speech was slurred.

Bruce then arrested the appellant and took him to the police department in Ozark where a breathalyzer test was administered by the senior operator, Gerald Rinke. Rinke testified that the test result showed a blood alcohol content of .23%.

As his first issue on appeal, the appellant argues that the trial court erred in allowing the admission of hearsay testimony to

establish reasonable suspicion. Specifically, he contends that the testimony of Officer Bruce concerning the phone call he received from the owner of the store was inadmissible as hearsay.

Officer Bruce's testimony was that he was called "to check a subject that was driving while intoxicated." In order to find the testimony of a witness was hearsay, it must be shown that the statement was offered to prove the truth of the matter asserted therein. *Robinson* v. *State*, 3 Ark. App. 153, 623 S.W.2d 534 (1981); Ark. R. Evid. 801(c). An out of court statement is not hearsay if it is offered to show a course of conduct or basis of action. *See Dandridge* v. *State*, 292 Ark. 40, 727 S.W.2d 851 (1987); *Bliss* v. *State*, 282 Ark. 315, 668 S.W.2d 936 (1984). At the time this testimony was presented, it was offered to explain what prompted his investigation, and not for the truth of the matter asserted. Since it was introduced for the purpose of showing the basis for his actions, and was relevant to the issue of reasonable cause, which was challenged by the appellant, this testimony was not excludable on grounds of hearsay. Therefore, the trial court did not err in allowing its introduction.

For his second point, the appellant argues that the stop and his arrest were illegal based upon the lack of reasonable suspicion that he was involved in criminal activity, and thus the trial court erred by not suppressing the evidence resulting therefrom. We disagree, as we find that the officer's actions were authorized under Ark. R. Crim. P. 3.1.

The Fourth Amendment proscribes only *unreasonable* searches and seizures. *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986) (emphasis in original). Consistent with the Fourth Amendment, the police may stop persons on the street or in their vehicles in the absence of either a warrant or probable cause under limited circumstances, which include the investigatory stop. *Reeves* v. *State*, 20 Ark. App. 17, 722 S.W.2d 880 (1987). The test to be applied in determining whether an investigatory stop has been made consistent with the Fourth Amendment is a balancing of the nature and quality of the intrusion against the importance of the governmental interests alleged to justify that intrusion. *Miller* v. *State*, 21 Ark. App. 10, 727 S.W.2d 393 (1987). Where felonies or crimes involving a threat to public safety are concerned, the government's interest in

solving the crime and promptly detaining the suspect outweighs the individual's right to be free from a brief stop and detention. *Reeves* v. *State, supra.* As we pointed out in *Reeves*, this policy has been codified as Ark. R. Crim. P. 3.1. Rule 3.1 provides in pertinent part:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

Rule 2.1 of the Arkansas Rules of Criminal Procedure defines reasonable suspicion, and states:

> "Reasonable suspicion" means a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion.

Reasonable suspicion is more than an imaginary or purely conjectural suspicion, but less than probable cause. *Tillman* v. *State*, 275 Ark. 275, 630 S.W.2d 5 (1982). In *Tillman*, the supreme court discussed the distinctions between these standards, and said:

> Hence, these considerations are relative, and can be compared to a ladder with four rungs: at the highest level is certain knowledge, as in the case of an eyewitness to a crime; next is probable cause, less than a certainty, but enough to satisfy a prudent man; lower yet is a reasonable suspicion; and at the lowest level, a bare or imaginary suspicion, founded on nothing more than a hunch. Applying that standard to this case, we regard the requirements of reasonable suspicion as having been fully satisfied.

*Id.* at 279, 630 S.W.2d at 7. Still, the justification for an investigatory stop depends on whether under the totality of the

circumstances the police have a particularized, specific, and articulable reason indicating that the person or vehicle may be involved in criminal activity. *Adams* v. *State*, 26 Ark. App. 15, 758 S.W.2d 709 (1988).

It is the appellant's contention that the officer had no reason to suspect that he was involved in criminal activity other than the report of the store owner, which he alleges is not sufficient to establish reasonable suspicion.

The appellant's contention has some merit, inasmuch as such information standing alone may not constitute reasonable suspicion. It can, however, be used as a "catapult to launch" an investigation, and when coupled with other information revealed upon this investigation, may form the basis for reasonable suspicion. *See Willett* v. *State*, 298 Ark. 588, 769 S.W.2d 744 (1989).

The Commentary to Ark. R. Crim. P. 2.1 provides a list of factors that may be considered in determining if reasonable suspicion exists. Subsection (i) specifically includes "any information received from a third person, whether he is known or unknown." As pointed out in *Willett* v. *State, supra*, nothing prevents an officer from investigating the information furnished to him by even an anonymous phone call. In *Willett*, the court further stated:

> Although anonymous tips standing alone do not constitute reasonable or probable cause, information verified as a result of such tips may support reasonable cause and may be acted upon as though the tips had never been received. In the present case the investigating officers obtained objective evidence in support of their belief that reasonable cause to stop the vehicle existed. The stop and search in this case were not based upon mere conjecture and speculation nor mere suspicion. The search was based upon evidence which confirmed the information furnished by the confidential informants. The reliability of the informants was not an issue under the facts in this case. The arrest may have resulted, at least in part, from the anonymous tips, but it was based upon the observations and information established by the police during their investigation of the facts.

*Id.* at 595, 769 S.W.2d at 744-45.

 The reasoning applied by the court in *Willett* is applicable to the case at bar. Here, reasonable suspicion did not arise entirely on the information communicated by the owner of the store; it merely acted as the catalyst for further investigation. This information prompted Officer Bruce to go to the Travel Mart parking lot for investigation, which he had a right, if not a duty, to undertake. There, he discovered the appellant parking his vehicle, which matched the description given, in an out-of-the-way location. When he approached the truck, he found the appellant asleep with a beer between his legs, the truck's motor was still running, and he was unable to awaken him by tapping on the window. Based on the totality of the circumstances, we regard this evidence, which tended to confirm the information conveyed in the phone call, sufficient to justify the officer's reasonable suspicion, and his subsequent act of opening the door to awaken the appellant. It was not until after those objective observations were made that the intrusion occurred. The one factor involving the report of the store owner, combined with independent observations made by the officer, clearly constituted reasonable suspicion. These facts, in addition to what was discovered after the officer spoke with the appellant, in turn provided probable cause for his arrest.

The decision in *Van Patten* v. *State,* 16 Ark. App. 83, 697 S.W.2d 919 (1985), relied upon by the appellant, does not compel a contrary result. In that case, the police officer was responding to a complaint based on two radio broadcasts reporting a disturbance, and that the responsible party may have left the scene in a brown jeep. Arkansas Rule of Criminal Procedure 3.1 was found to be inapplicable because there was no indication that the disturbance rose to the level of a felony or the kind of misdemeanor contemplated by the rule.

The opposite is true of the situation presented here. In this case, the information received by Officer Bruce was that of a possible DWI. The officer was not obligated to ignore the phone call in light of the danger accompanying this offense. It is without question that this offense carries with it the danger of forcible injury to persons as required by Rule 3.1. *See Reeves* v. *State, supra.* This is evident from the very definition of "intoxicated,"

which provides in part that it means influenced or affected by the ingestion of alcohol, to such a degree that the driver's reactions, motor skills and judgment are substantially altered and the driver, therefore, *constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians*. Ark. Code Ann. § 5-65-102(1) (Supp. 1987) (emphasis supplied). Also absent in *Van Patten* were the independent observations and the progression of events establishing reasonable suspicion, as are evident in the instant case.

In sum, we hold that the officer's actions were justified as based upon reasonable suspicion pursuant to Ark. R. Crim. P. 3.1. It follows that the evidence obtained was properly admitted into evidence.

AFFIRMED.

CRACRAFT and COOPER, JJ., agree.