Jerry Lee LAMBERT v. STATE of Arkansas

CA CR 90-166                                    808 S.W.2d 788

Court of Appeals of Arkansas
En Banc
Opinion delivered May 15, 1991

*Gregory E. Bryant*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On July 27, 1989, Arkansas State Trooper Kelly Watkins was told by his captain, George Riggs, that the state police had received an anonymous tip from someone in Little Rock that a man named "Jerry" would be leaving the Hot Springs area at approximately 3:00 p.m. The informant said that "Jerry" would be driving a black truck with "Woodline Motor Freight" in orange letters on it and hauling a shortbed trailer. The informant said that the driver would have approximately ten pounds of marijuana with him.

Trooper Watkins set up surveillance on Highway 70 East between Little Rock and Hot Springs, and at about 3:50 p.m. saw a Woodline freight truck heading toward Little Rock. He immediately stopped the truck. At Watkins' request the driver presented his driver's license and identified himself as Jerry Lambert. Trooper Watkins immediately advised Lambert of his *Miranda* rights. He then asked Lambert if there was any marijuana in the truck. Lambert said there was, went to the truck and got it, and gave it to the trooper.

Lambert filed a motion to suppress which the trial court denied after a hearing. Appellant then entered a plea of guilty pursuant to Ark. Code Ann. § 5-64-401 (1987) and was sentenced to six years imprisonment. On appeal the sole contention is that the trial court erred in denying the motion to suppress. We hold that the disposition in this case is governed by the decision of the United States Supreme Court in *Alabama* v. *White*, ___ U.S. ___, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), and that decision requires reversal here.

"Reasonable suspicion," which is something less than probable cause, is required to constitutionally justify an investigative stop. *See Alabama* v. *White, supra; see also Kaiser*

v. *State*, 296 Ark. 125, 752 S.W.2d 271 (1988); Ark. R. Crim. P. 3.1. An anonymous tip, standing alone, will not ordinarily give rise to the reasonable suspicion necessary to justify an investigatory stop. *See Alabama* v. *White, supra; see also Willett* v. *State*, 298 Ark. 588, 769 S.W.2d 744 (1989); *Nottingham* v. *State*, 29 Ark. App. 95, 778 S.W.2d 629 (1989).

The Court in *Alabama* v. *White* discussed the concept of reasonable suspicion at length:

> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. . . . Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability. Both factors — quantity and quality — are considered in the 'totality of the circumstances — the whole picture,' that must be taken into account when evaluating whether there is reasonable suspicion. Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable. The Gates Court applied its totality of the circumstances approach in this manner, taking into account the facts known to the officers from personal observation, and giving the anonymous tip the weight it deserved in light of its indicia of reliability as established through independent police work. The same approach applies in the reasonable suspicion context, the only difference being the level of suspicion that must be established.

___ U.S. at ___, 110 S.Ct. at 2416, 110 L.Ed.2d at 309 (citations omitted).

In *White* the police officer received a telephone call from an anonymous person, stating that Vanessa White would be leaving 235-C Lynwood Terrace Apartments at a particular time in a brown Plymouth station wagon with the right taillight lens broken, that she would be going to Dobey's Motel, and that she

would be in possession of about an ounce of cocaine inside a brown attache case. The officers went to Lynwood Terrace Apartments and saw a brown Plymouth station wagon with a broken right taillight in the parking lot in front of the 235 building. The officers saw the defendant leave the 235 building and get into the station wagon. They then followed the defendant as she drove "the most direct route to Dobey's Motel." Just before the defendant reached the motel, she was stopped by the officers who, after obtaining her consent to search, found cocaine in the car.

In upholding the conviction the Court said:

> Although it is a close case, we conclude that under the totality of the circumstances the anonymous tip, as corroborated, exhibited sufficient indicia of reliability to justify the investigatory stop of respondent's car.

■ If *Alabama* v. *White* was a "close case," we cannot hold that the facts corroborating the tip in the case at bar are sufficient in quality or quantity, under the totality of the circumstances test, to give rise to reasonable suspicion. The only information that the trooper had at the time of the stop which matched with the anonymous telephone call was that he saw a Woodline Motor Freight truck on the highway between Hot Springs and Little Rock at about the time the caller said the truck should be there. In contrast to *White*, there was no confirmation of the departure point and the officers did not follow the truck to see whether it was, indeed, going to Little Rock as the caller predicted. The description of the vehicle here was also less precise.

Indeed, the facts in the case at bar do not compare favorably with those in *Kaiser* v. *State*, 296 Ark. 125, 752 S.W.2d 271 (1988). There, Randolph County officers had received information from Missouri officers that Kaiser would be traveling through Randolph County in a gray or silver Lincoln, bearing the license number KLN 436, and carrying fifty pounds of marijuana. At trial the Randolph County Sheriff testified that the Missouri officers had told him that their information came from a confidential (rather than anonymous) informant whom they believed to be very reliable. *See Kaiser* v. *State*, 24 Ark. App. 19, 746 S.W.2d 559 (Cooper, J., dissenting). We upheld the circuit court's decision based on arguments similar to those made by the

state in the case at bar. We said:

> The question of the reasonableness of a stop based on information received from an informant was reached in *Adams* v. *Williams*, 407 U.S. 143 (1972). In that case, police officers stopped a suspected drug dealer on the basis of an informant's tip and the stop was proper in part because the information given by the informant was verifiable by the officer's observations. In the instant case, the stop of appellant was based on information gained from an informant. Appellant's vehicle appeared in the area within the predicted period of time, matched the description given, and bore the predicted license plates. Those details were sufficient indicia of the informant's reliability to create a reasonable suspicion, permitting an investigatory stop of appellant's vehicle.

In a unanimous decision, the Arkansas Supreme Court reversed. The court held that if the Missouri officers had not developed a reasonable suspicion of Kaiser based on the reliability of the informant, the seizures resulting from the stop could not stand.

Our conclusion is that under either the Arkansas Supreme Court's decision in *Kaiser* or the United States Supreme Court's decision in *White*, the facts in the case at bar are insufficient to constitute the reasonable suspicion necessary to justify an investigatory stop.

Reversed and Remanded.

DANIELSON and MAYFIELD, JJ., dissent.

ELIZABETH W. DANIELSON, Judge, dissenting. I cannot agree with the majority opinion. To reverse this case will hinder the ability of our law enforcement agencies to effectively do the work which the public needs and expects.

In reversing, the majority opinion misapplies *Alabama* v. *White*, ___ U.S. ___, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). This recent U. S. Supreme Court case upholds an investigatory stop based on reasonable suspicion derived from reliable information received from an anonymous caller just as we have in the case before us. It is a grave error to twist the law in *Alabama* v. *White*,

*supra*, in the limiting direction that the majority has elected to do.

The state trooper in this case did all he could to effectively protect the people of this state as well as the individual rights of Mr. Lambert. For the court to say that the state trooper was wrong is to stretch the fourth amendment in a direction that it was never intended.

This case should be affirmed, Mr. Lambert sent to jail, and the state trooper commended for a job well done. To hold otherwise is wrong.

MAYFIELD, J., joins in the dissent.

MELVIN MAYFIELD, Judge, dissenting. I concur in the dissenting opinion by Judge Danielson but would also point out that in addition to its misapplication of the United States Supreme Court case of *Alabama* v. *White*, ___ U.S. ___, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the majority opinion in the present case misapplies the Arkansas Supreme Court case of *Kaiser* v. *State*, 296 Ark. 125, 752 S.W.2d 271 (1988).

The majority opinion correctly states the Arkansas Supreme Court reversed the conviction in *Kaiser* because the Arkansas police stopped the defendant's car in that case on the strength of information received from the Missouri State Police who told the Arkansas officers that the information of the Missouri State Police came from a reliable informant. The Arkansas Supreme Court concluded:

> In this case, the informant may well have been a reliable one, and the Missouri State Police may well have had a reasonable suspicion of Kaiser. We cannot know that, however, as the record is devoid of testimony supporting that conclusion.

296 Ark. at 129. This was the very reasoning employed by the judges who dissented when *Kaiser* was affirmed by the Arkansas Court of Appeals. *See* 24 Ark. App. 19, 746 S.W.2d 559 (1988). (The dissenting opinion of Judge Cracraft appears at 753 S.W.2d 870.) The dissenting judges relied upon *United States* v. *Hensley*, 469 U.S. 221 (1985), and the Arkansas Supreme Court employed the same reasoning and the same authority in reversing the decision of the Arkansas Court of Appeals.

However, the instant case does not present the same issue presented in *Kaiser* and *Hensley*. Here, the Arkansas State Police received an anonymous tip on their "Drug Hot Line" that at approximately 3:00 p.m. a black truck with "Woodline Motor Freight" in orange letters on it and carrying a short-bed trailer would be leaving the Hot Springs area headed for Little Rock, and the driver "Jerry" would be transporting about ten pounds of marijuana. A trooper set up surveillance on the highway between Hot Springs and Little Rock, and about 3:50 p.m. a truck meeting the exact description and traveling toward Little Rock was stopped by the trooper.

I believe the trooper had reasonable suspicion to stop the truck. I do not believe the holding in either *Kaiser* or *Hensley* answers the question of reasonable suspicion to stop the vehicle involved in the instant case. As Judge Cracraft's dissent to the court of appeals decision in *Kaiser* so clearly states, the Missouri officers said they had information from a reliable informant that a car transporting marijuana would be passing through Randolph County, Arkansas. The problem, Judge Cracraft wrote, was that the Arkansas officers were not told and did not know that the Missouri officers had a reasonable basis for their (the Missouri officers') suspicion. That view was accepted by the Arkansas Supreme Court and the decision of the court of appeals was reversed.

Here, however, the state relies upon the United States Supreme Court opinion in *Alabama* v. *White*, handed down on June 11, 1990. In that case the police department of Montgomery, Alabama, "received a telephone call from an anonymous person, stating that Vanessa White would be leaving 235-C Lynwood Terrace Apartments at a particular time in a brown Plymouth station wagon with the right taillight lens broken, that she would be going to Dobey's Motel, and that she would be in possession of about an ounce of cocaine inside a brown attache case." Montgomery police officers proceeded to Lynwood Terrace Apartments where they saw a vehicle meeting the description given in the telephone tip, and they observed a woman leave the 235 building, *with nothing* in her hands, enter the described vehicle and drive the most direct route to Dobey's Motel. The police stopped her *before* she reached the motel, informed her she was stopped because they suspected she was carrying cocaine,

and with her permission, searched an attache case found in the car. It contained marijuana, and the police placed the woman under arrest. During processing at the police station, cocaine was found in her purse.

In upholding the woman's conviction, the United States Supreme Court said:

> [W]e conclude that when the officers stopped respondent, the anonymous tip had been sufficiently corroborated to furnish reasonable suspicion that respondent was engaged in criminal activity and that the investigative stop therefore did not violate the Fourth Amendment.
>
> It is true that not every detail mentioned by the tipster was verified, such as the name of the woman leaving the building or the precise apartment from which she left; but the officers did corroborate that a woman left the 235 building and got into the particular vehicle that was described by the caller. . . . Given the fact that the officers proceeded to the indicated address immediately after the call and that respondent emerged not too long thereafter, it appears from the record before us that respondent's departure from the building was within the time frame predicted by the caller. As for the caller's prediction of respondent's destination, it is true that the officers stopped her just short of Dobey's Motel and did not know whether she would have pulled in or continued on past it. But given that the four-mile route driven by the respondent was the most direct route possible to Dobey's Motel . . . we think respondent's destination was significantly corroborated.

The Court held that an anonymous tip by itself may not be the basis of reasonable suspicion since it gives virtually nothing from which one might conclude that the caller is honest or his information is reliable, but when "significant aspects of the caller's predictions" are verified, there is "indicia of reliability" to justify an investigatory stop.

*Alabama* v. *White* fits the case at bar. *Kaiser* and *Hensley* involved a different issue and do not furnish precedent to reverse the appellant's conviction in the case at bar. Therefore, I dissent.

DANIELSON, J., joins in this dissent.