Willie Joe WHITE *v.* STATE of Arkansas

CA CR 91-196                     837 S.W.2d 479

Court of Appeals of Arkansas
Division I
Opinion delivered September 23, 1992

*Gibson & Deen*, by: *Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was convicted by a jury of delivery of a controlled substance under Ark. Code Ann. § 5-64-401(a) (Supp. 1991). He was sentenced to thirty years in the Arkansas Department of Correction and was subsequently denied post-conviction relief based upon his assertion that he received ineffective assistance of counsel. On appeal, he contends that the trial court erred in (1) denying his motion for a directed verdict, (2) overruling his objection to hearsay statements, and (3) denying his petition for post-conviction relief. We affirm.

Other than the chemist who verified that the substance sold

was cocaine, the State called only one witness, Vernal Spears, the undercover officer participating in the transaction. He stated that on September 16, 1989, he went to the appellant's residence at the request of Sheriff Tommy Free. He had been told that the appellant was known by the name of "Lula Boy," and that upon opening the door, the appellant identified himself as Lula Boy. He stated that they went down a hallway to a bedroom where Gary Davis, known as "Pluto," gave him three rocks of cocaine and was told it would cost $100.00. Officer Spears gave the money to the appellant who was standing in the doorway of the room.

He stated that at that point in time, he knew the appellant only as Lula Boy, that he did not confuse Lula Boy and Pluto, and that he considered Lula Boy, the appellant, to be the main culprit and to be in control of the residence. He positively identified the appellant as the man he had known as Lula Boy. On this evidence, the jury found that the appellant was guilty of delivery of a controlled substance.

The appellant's first argument is that the court erred in denying his motion for a directed verdict. A motion for a directed verdict constitutes a challenge to the sufficiency of the evidence. *Duncan v. State*, 38 Ark. App. 47, 828 S.W.2d 847 (1992). In reviewing the sufficiency of the evidence on appeal, the court must look at the evidence in the light most favorable to the State and affirm the judgment if there is any substantial evidence to support the jury's verdict. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984); *Alford v. State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other inducing the mind to pass beyond mere suspicion or conjecture. *Duncan, supra*. In determining whether there is substantial evidence to support the jury's verdict, it is permissible to consider only the testimony that tends to support the verdict of guilt. *Tarentino v. State*, 302 Ark. 55, 786 S.W.2d 584 (1990).

The appellant contends that Officer Spears' testimony was rendered incredible due to discrepancies which arose each time he restated the facts. He contends these discrepancies resulted in three different versions of the transaction being told; however, the excerpts from the officer's testimony that the appellant presented in his brief demonstrate only two versions. The first was that the

appellant asked the officer for the money, and the second was that Pluto told him to give the money to the appellant.

■■ As the appellant concedes, discrepancies in testimony are for the jury to resolve; the jury is free to accept or reject all of the testimony or any part thereof that it believes to be true or false. *Larue* v. *State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). We disagree that this variance was of such degree as to render the testimony of the undercover officer incredible, and we find substantial evidence to support the appellant's conviction.

The appellant's second argument is that the court erred in overruling his objections to statements made by Officer Spears which the appellant considers to be hearsay. He objected when the prosecutor asked Officer Spears who he was expecting to see when going to this residence. The judge ruled that the witness could testify as to whom he was going to see. Officer Spears then stated "We were under the impression that Lula . . . ." The appellant objected based on Officer Spears' earlier testimony that he had never seen this man and the only way he could form this impression was from information supplied by another person. The trial judge ruled that the witness could testify as to what was his impression. The third statement by Officer Spears was that the sheriff "had described him and gave me his name and told me that he was going by the name of Lula Boy." The trial judge ruled that this was not elicited to prove the matters stated. The appellant again objected after Officer Spears responded to the question "what was your understanding as to the sheriff's knowledge of Lula Boy White?" The trial judge overruled the objection, stating the officer could testify as to whether Sheriff Free directed him to go to the residence.

■ Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Arkansas Rule of Evidence Rule 803(c). Out-of-court statements are not hearsay if offered to show the basis of action. *Nottingham* v. *State*, 29 Ark. App. 95, 778 S.W.2d 629 (1989). Officer Spears was working undercover at the request of Sheriff Free, and the information given to him was necessary in conducting the investigation. Thus, we cannot say that the admission of these statements to show the basis of Officer Spears' action was error.

The appellant's third and final argument on appeal is that the trial court erred in denying his petition for post-conviction relief, filed pursuant to Ark. R. Crim. P. 36.4, alleging that he was provided ineffective assistance of counsel. The basis of his argument is that he was represented by Thomas Brown, a part-time assistant public defender, and Gary Davis, his co-defendant, was represented by Timothy Bunch, the public defender. It is undisputed that there was an obvious conflict of interest between the two defendants as the appellant denied guilt of anything but being present during the transaction and Mr. Davis also denied guilt claiming that he was only present to purchase cocaine himself.

When a conflict of interest exists, the issue is whether or not the conflict adversely affected counsel's performance. The appellant contends that Mr. Brown's performance was so affected because he refused to call Mr. Davis as a witness at the appellant's trial.

At the hearing on the appellant's post-conviction petition, Mr. Brown, the appellant's attorney, testified that the appellant asked him to subpoena Mr. Davis to court; that he had talked to Mr. Davis twice; that the information elicited from Mr. Davis was detrimental to his client; and that as a matter of trial strategy, he elected not to call Mr. Davis as a witness. He further stated that he would have refused to call Mr. Davis as a witness regardless of who represented him.

Mr. Bunch testified that after speaking with Mr. Davis, and determining that a potential conflict existed, he assigned the appellant's case to Mr. Brown. He stated that Mr. Brown's office was in another city; that the cases were severed, though he did tell Mr. Brown that Gary Davis' testimony would be harmful to the appellant's case; that he had no part in negotiations with the prosecuting attorney concerning the appellant; and that the only participation by his office in the appellant's case was some secretarial work.

It is well-settled that one attorney may be appointed to represent two or more defendants without such representation constituting a per se violation of the Sixth Amendment right to effective assistance of counsel. *Holloway* v. *Arkansas*, 435 U.S. 475, 482 (1978). The Supreme Court, in *Burger* v. *Kemp*, 483

U.S. 776 (1987), acknowledged that there is a possibility that prejudice will result when two partners represent co-defendants, and that the risk is increased when the two lawyers cooperate with one another in the planning and conduct of trial strategy. Nevertheless, the Court maintained that this does not justify an inflexible rule presuming prejudice in all cases. Rather, the Court stated, prejudice is presumed "only if the defendant demonstrates that counsel 'actively represented conflicting interest' and that 'an actual conflict of interest adversely affected his lawyer's performance.' " *Burger*, 483 U.S. at 650; *Ingle* v. *State*, 294 Ark. 353, 742 S.W.2d 939 (1988).

In the case at bar, the State correctly points out that whether Mr. Bunch and Mr. Brown may be considered "partners" is debatable. They worked together only part-time, their offices were in two different cities, they made a conscious effort to sever the cases, and they worked independently for their respective clients. Nevertheless, even if they are considered "partners," we cannot say that any conflict affected the performance of Mr. Brown by his failure to call Mr. Davis as a witness. As both attorneys stated, Mr. Davis' testimony would have been detrimental to the appellant's defense, and the decision to call certain witnesses and reject other potential witnesses is largely a matter of trial strategy and counsel must use his own best judgment to determine which witnesses will be beneficial to his client. *Mays* v. *State*, 303 Ark. 505, 798 S.W.2d 75 (1990). We find no error, and we affirm.

Affirmed.

CRACRAFT, C.J., and ROGERS, J., agree.