Kenneth JOHNSON *v.* STATE of Arkansas

CA CR 92-1374                                          862 S.W.2d 290

Court of Appeals of Arkansas
Division II
Opinion delivered October 6, 1993

*Mark S. Cambiano*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. At about 3:00 a.m. on January 10, 1992, Kenneth Johnson was driving a 1979 Chevrolet Malibu on Markham Street in Little Rock. He was stopped by Little Rock Police Officer Greg Birkhead, who suspected the car might be stolen. During a pat-down search Officer Birkhead found a knife and a quantity of cocaine in Johnson's pocket. The appellant was subsequently charged with possession of cocaine with intent to deliver.

Johnson filed a motion to suppress, contending that the officer had no reasonable suspicion to stop him. The trial court denied the motion and Johnson entered a conditional plea of guilty under Ark. R. Crim. P. 24.3(b). He was sentenced by the court to five years imprisonment under Act 378 of 1975.

The sole issue presented is whether Officer Birkhead had reasonable suspicion to stop the appellant's car. We hold that the circuit court's decision that there was reasonable suspicion is not clearly against a preponderance of the evidence and affirm.

Officer Birkhead testified that on January 10, 1992, he was patrolling around Markham and Chester Streets in Little Rock. At a stop light he pulled up beside the car Johnson was driving and

noticed that the left vent window was broken out. Birkhead testified that he immediately suspected the vehicle might be stolen and was trying to run a radio check on the license plate. Birkhead testified:

> The light changed to green, and I allowed the vehicle to get up in front of me. I got behind it, and I followed it to Markham and Victory. As it turned the corner, I could get a good angle on the window, and I observed that it was broke out. I suspected the vehicle might be stolen at that point, so I changed my radio channel to a channel eight, which is a secondary traffic channel, and I was going to try and run a check on the license plate.
>
> The vehicle then quickly turned. We turned from Markham onto Victory. We went about a half block, and then he turned right again, which would have been going west bound on Markham again, and picked up the speed. So I couldn't get a good look at the plate again.
>
> I sat my radio down. I tried to catch up to the vehicle. The vehicle made it to the parking lot, which would be down in the train station where Slick Willy's the club is. The vehicle did a U-turn and started to come right back at me, so I had no choice then. I was very suspicious at that time.
>
> It appeared the vehicle was trying to elude me, so I cut across in front of it, put my spot light on it, put my take-down lights on it, and then I activated my blue lights and blocked the vehicle. He then came to a stop. I exited my vehicle and approached the vehicle at that time.

Officer Birkhead testified that in his two and one-half years with the Little Rock Police Department he had been involved in the recovery of hundreds of stolen vehicles and that "80 to 90 percent of them" had broken side windows. He also testified that the appellant committed no traffic offense and the car eventually turned out not to have been stolen.

■■ "Reasonable suspicion," which is something less than probable cause, is required to constitutionally justify an investigative stop. *Alabama* v. *White*, 496 U.S. 325 (1990); *Kaiser* v. *State*, 296 Ark. 125, 752 S.W.2d 271 (1988); *Lambert*

v. *State*, 34 Ark. App. 227, 808 S.W.2d 788 (1991); Ark. R. Crim. P. 3.1. Reasonable suspicion is defined by Ark. R. Crim. P. 2.1 as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." The existence of reasonable suspicion is to be judged by the "totality of the circumstances." *See Alabama* v. *White*, 496 U.S. 325 (1990).

Two recent cases from other jurisdictions are almost directly on point and reach opposing conclusions. In *People* v. *Elam*, 179 A.D.2d 229, 584 N.Y.S.2d 780 (N.Y. App. Div. 1992), two police officers stopped the defendant's car after having noticed a broken rear vent window which caused them to believe that the car might be stolen. There was also evidence that the vehicle was being driven "rather erratically" and "pretty fast," although there was no indication that the defendant committed any traffic offense. A five judge panel of the appellate division of the New York Supreme Court held in a 4-1 decision that the trial court erred in finding reasonable suspicion to stop.

In *Commonwealth* v. *Epps*, 415 Pa. Super. 231, 608 A.2d 1095 (1992), a three judge panel of the Pennsylvania Superior Court held that the observation of a broken rear vent window was sufficient by itself to provide reasonable suspicion to justify an investigatory stop. In *Epps*, the officer testified that he knew from his experience in investigating automobile thefts that entry for purposes of theft is routinely gained by breaking one of the vent windows, rather than one of the larger, more conspicuous windows of the car.

In *Elam*, where the car turned out not to have been stolen, the Court said the officer simply had a hunch that the defendant had stolen the car. In *Epps*, where the car actually was stolen, the Court said this was not merely a hunch but rather an "articulable, particularized suspicion."

In the case at bar we are not persuaded that the trial judge's finding of reasonable suspicion is clearly against a preponderance of the evidence. That suspicion was based not merely on the observation of the broken vent window but also on the officer's experience with stolen vehicles as well as his percep-

tion that the appellant was trying to evade him. This was enough .to constitutionally justify an investigatory stop.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.