

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–556

| | | |
|---|---|---|
| DONTEL SPRAGLIN | | **Opinion Delivered** March 11, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–08-848-1] |
| STATE OF ARKANSAS | | HONORABLE BERLIN JONES, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**BART F. VIRDEN**, **Judge**

Dontel Spraglin appeals his conviction of two counts of possession of a controlled substance with intent to deliver, and one count of possession of drug paraphernalia from the Jefferson County Circuit Court. He filed a motion to suppress, arguing that the evidence was obtained pursuant to an illegal detention and therefore inadmissible. On appeal, Spraglin asserts that the circuit court erred in denying his motion to suppress evidence. We disagree and affirm.

At a hearing on the motion to suppress, Officer Brett Talley, of the Vice and Narcotics Division of the Pine Bluff Police Department, testified that on October 28, 2008, he and several other officers were at the Crown Inn Motel investigating complaints of drug activity on the premises. He explained that as he was ascending the stairs in the enclosed stairwell of the Crown Inn, he noticed a strong smell of raw, unburnt marijuana that grew stronger as Spraglin approached and passed by him. Officer Billy Reed testified he was behind Officer

SLIP OPINION

Talley in the stairwell, and he also smelled the raw marijuana that "hit you like a wall as he was coming down." As Spraglin approached Officer Reed, Reed said to Spraglin, "I smell dope. Do you have anything on you?" Officer Reed did not recall whether he put his hands up in a "stop" motion, but he believed Spraglin voluntarily stopped because he, Officer Reed, stopped walking. According to Officer Reed, Spraglin said nothing in reply and produced a clear plastic bag from his jacket and gave it to him. The open-ended sandwich bag was sealed with a twist tie and contained a leafy, green, vegetable substance that was later identified as marijuana. Officer Reed then placed Spraglin under arrest and searched him. In addition to three more bags of marijuana, Officer Reed found a bag containing an off-white rocklike substance, later identified as crack cocaine, and a set of digital scales.

Spraglin offered conflicting testimony at the hearing. He stated that after he passed Officer Talley in the stairwell, Officer Talley called down the stairs to the other police officers, "Stop him because I smell marijuana." Spraglin admitted he had been smoking marijuana earlier that evening before he entered the stairwell. He stated another officer stopped him first, but that it was Officer Reed who searched his pockets, and then asked what he had on him, where he was going, and what his name was. Spraglin testified he gave Officer Reed his identification but did not give him the bag of marijuana as Officer Reed had testified. Spraglin asserted Officer Reed found one bag of marijuana after searching his pockets and then arrested him. Spraglin stated that Officer Reed continued to search him after he was handcuffed and that was when Officer Reed found the rest of the contraband.

SLIP OPINION

## I. *Circuit Court Ruling*

The circuit court denied the motion to suppress, stating from the bench that Officer

Reed's questioning and detention of Spraglin was proper under Rule 3.1 of the Arkansas

Rules of Criminal Procedure:

> We find that the smelling of the marijuana gave rise to reasonable suspicion that the defendant was in possession of marijuana. Certainly, it does not give rise to how much. I don't think that we have any rules that would require a police officer to know how much it is, and thus know whether it was a felony amount or a misdemeanor amount, to that. . . .
>
> With regards to 3.1, stopping and detaining, I believe that the defendant testified that it was only about a minute to a minute-and-a-half that he was arrested after the bag had been determined to be on his possession. So, therefore, it clearly was not anywhere near in excess of fifteen minutes. . . .
>
> Therefore the Court finds that the acts of the officers were reasonable suspicion but not sufficient for an arrest, but they were sufficient for officers to inquire if the defendant was engaged in unlawful activity[.]

## II. *Standard of Review*

In reviewing a circuit court's denial of a motion to suppress, we conduct a de novo

review based on the totality of the circumstances, reviewing findings of historical fact for clear

error and determining whether those facts give rise to reasonable suspicion or probable cause,

giving due weight to inferences drawn by the circuit court and proper deference to the circuit

court's findings. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007). Arkansas appellate

courts defer to the superior position of the circuit court to evaluate the credibility of witnesses

at a suppression hearing. *Ilo v. State*, 350 Ark. 138, 85 S.W.3d 542 (2002). Any conflicts in

the testimony of witnesses testifying at a suppression hearing are for the circuit court to

SLIP OPINION

resolve, as it is in a superior position to determine the credibility of the witnesses. *Id.* We will reverse the denial of a motion to suppress only if the ruling is clearly against the preponderance of the evidence. *Id.*

Spraglin argues that in reviewing the totality of the circumstances in this case, it is clear that he was illegally detained, because Officer Reed lacked reasonable suspicion to detain him. We find no error in the circuit court's denial of Spraglin's motion to suppress the evidence, and we affirm.

### III. *Reasonable Suspicion*

Spraglin makes a two-prong argument challenging the police officer's basis for reasonable suspicion under Rule 3.1. First, he asserts that the smell of marijuana must be emanating from a vehicle for police to have reasonable suspicion to detain a person. Second, he contends that Officer Reed did not have reasonable suspicion that he was committing a felony, as required by Rule 3.1. We find no merit in either argument.

Rule 3.1 sets forth when a police officer may detain a person:

A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, . . . if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.

Arkansas Rule of Criminal Procedure 2.1 defines "reasonable suspicion":

SLIP OPINION

Reasonable suspicion means a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion.

The smell of marijuana is sufficient to give rise to probable cause. *McDaniel v. State*, 337 Ark. 431, 990 S.W.2d 515 (1999). An investigatory stop is lawful when, considering the totality of the circumstances, an officer acts on particularized and objective reasons indicating that the person may be involved in criminal activity. *Mosley v. State*, 2009 Ark. App. 799, at 4, 370 S.W.3d 273, 275.

Spraglin argues that only when the smell of marijuana emanates from a car, is the odor of marijuana alone sufficient to stop and detain a citizen, because vehicles are mobile and there is danger of leaving the scene. It is true that our supreme court has held that "because a vehicle is readily movable by any person, not just the suspect, exigent circumstances allow the vehicle to be searched at the scene." U.S.Const. amend. 4.; *McDaniel*, *supra*. However, in the present case, the court is reviewing whether the smell of marijuana surrounding Spraglin gave rise to reasonable suspicion to temporarily detain him–not probable cause to conduct a search. This court has stated that "[r]easonable suspicion, which is something less than probable cause, is required to constitutionally justify an investigative stop." *Johnson v. State*, 43 Ark. App. 145,147, 862 S.W.2d 290, 291 (1993). Reasonable suspicion justifying a temporary detention is a less stringent standard than probable cause required for a search, and facts insufficient to rise to probable cause could constitute reasonable suspicion. *Davis v. State*, 2013 Ark. App. 658, at 7, 430 S.W.3d 190, at 195. In *James v. State*, 2012 Ark. App. 118, at 8, 390 S.W.3d

SLIP OPINION

95, at 100, this court held:

> Regarding an officer's ability to stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit a felony, pursuant to Rule 3.1, the key word is suspects, and "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." Moreover, "[t]he justification for the investigative stop depends upon whether, under the totality of the circumstances, the police have specific, particularized, and articulable reasons indicating the person may be involved in criminal activity," and the facts articulated by an officer are considered together, not in isolation.

(Citations omitted.)

The legislature also set forth guidelines for determining reasonable suspicion in

Arkansas Code Annotated section 16-81-203 (Repl. 2006):

> The following are among the factors to be considered in determining if the officer has grounds to reasonably suspect:
> (1) The demeanor of the suspect;
> (2) The gait and manner of the suspect;
> (3) Any knowledge the officer may have of the suspect's background or character;
> (4) Whether the suspect is carrying anything, and what he or she is carrying;
> (5) The manner in which the suspect is dressed, including bulges in clothing, when considered in light of all of the other factors;
> (6) The time of the day or night the suspect is observed;
> (7) Any overheard conversation of the suspect;
> (8) The particular streets and areas involved;
> (9) Any information received from third persons, whether they are known or unknown;
> (10) Whether the suspect is consorting with others whose conduct is reasonably suspect;
> (11) The suspect's proximity to known criminal conduct;
> (12) The incidence of crime in the immediate neighborhood;
> (13) The suspect's apparent effort to conceal an article; and
> (14) The apparent effort of the suspect to avoid identification or confrontation by a law enforcement officer.

Our supreme court has stated, "[S]ection 16-81-203 is merely illustrative, and not exhaustive,

SLIP OPINION

of the types of factors that may be considered in forming reasonable suspicion." *Laime v. State*, 347 Ark. 142, 153, 60 S.W.3d 464, 473 (2001). Officers Reed and Talley testified they were at the motel to conduct an investigation pursuant to several recent complaints of drug use on the premises, satisfying factors eight (the particular area involved) and nine (information received from third persons) listed above. When the officers smelled the overwhelming odor of marijuana, both green and burnt, on Spraglin's person they had reasonable suspicion to stop him and determine if he was involved in the criminal activity about which the police department had received numerous complaints in the last few days and were there to investigate. We find no merit in Spraglin's argument.

We turn to Spraglin's second argument that smelling like marijuana did not give officers reasonable suspicion that he was committing a felony and therefore, under Rule 3.1 of the Arkansas Rules of Criminal Procedure, an illegal stop occurred. However, the factors set forth in Arkansas Code Annotated section 16–81–203 provide that reasonable suspicion, satisfying the requirements of Rule 3.1, can be inferred from the facts of the present case, as discussed above. Rule 3.1 does not require complete certainty but a reasonable suspicion, which, as we stated earlier is "more than a bare suspicion; that is, a suspicion that is reasonable as opposed to imaginary or purely conjectural." Ark. R. Crim. P. 2.1.

Based on the totality of the circumstances, which include the reports of drug use at the motel and the strong smell of marijuana emanating from Spraglin as he approached, we find no error in the circuit court's determination that Officer Reed had reasonable suspicion to

temporarily detain Spraglin and was within the scope of Rule 3.1. We hold that the circuit court did not err in denying the motion to suppress.

Affirmed.

GRUBER and GLOVER, JJ., agree.

*Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.