James D. MEEKS *v.* STATE of Arkansas

CR 94-13

878 S.W.2d 403

Supreme Court of Arkansas
Opinion delivered June 27, 1994

*Jan Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellant, James D. Meeks, was

charged along with two accomplices, his brother Curtis Meeks and a Howard Malone, with the offense of aggravated robbery of a store in Junction City. He was also charged as a habitual offender having seven prior felony convictions. At trial, the state's evidence included Malone's testimony which named Meeks as having participated in the commission of the crime. By jury verdict, James Meeks was found guilty of the charge and sentenced as a habitual offender to forty years imprisonment. His sole point for reversal is that the state's corroborating evidence was legally insufficient to tend to connect James Meeks with the commission of the aggravated robbery. We disagree.

The statute controlling the corroborating evidence issue raised by James Meeks in this appeal is Ark. Code Ann. § 16-89-111(e)(1) (1987), which provides as follows:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

In construing § 16-89-111(e)(1), this court has said that the test for determining the sufficiency of corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Daniels* v. *State*, 308 Ark. 53, 821 S.W.2d 778 (1992); *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983). Corroboration must be evidence of a substantive nature since it must be directed toward proving the connection of the accused with the crime and not directed toward corroborating the accomplice's testimony. *Id.* In addition to being substantive, the corroborating evidence must be substantial which means stronger evidence than that which merely raises a suspicion of guilt. *Id.* In other words, it is evidence which tends to connect the accused with the commission of the crime, but it is something less than that evidence necessary in and of itself, to sustain a conviction. *Id.* And finally, corroborating evidence may be circumstantial, but it must be of a material nature and legitimately tend to connect the accused with the crime.

On appeal, this court views the evidence in the light most favorable to the appellee, *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984), and in doing so, we conclude that the state's testimony and evidence establish the crime and tend to connect James Meeks with the commission of the aggravated robbery with which he was charged. The state's first witness, Richard McDonald, testified that, on January 14, 1993, he closed his store at 8:00 p.m. and upon leaving, he was confronted by two men wearing ski masks. According to McDonald's and Police Chief Sentiff's testimony, McDonald gave a description of the robbers as one being about six foot and of slender build and the other being short and middle-to-heavy in stature. Both men bore weapons but the taller man demanded McDonald's money and McDonald responded by turning over approximately $3,700. One of the bills was a 1934 series and had been marked with the figure 600 in red ink. The two robbers then fled on foot from the crime scene, after which McDonald called the police and described the men's physical characteristics and their clothing.[1]

During Officer Sentiff's interview of McDonald at the crime scene, Sentiff recalled having seen a low-riding gray pickup truck with a burgundy top and a Texas license plate. Because it did not "fit the area," he notified the sheriff's office to be on the lookout for the truck. A description of the truck and two robber suspects was broadcast, and about forty minutes after the robbery, the truck was located and stopped in Bernice, Louisiana, which is located about twenty miles from Junction City. A Bernice police officer, Clyde Andrews, had received a call concerning a pickup truck involved in an aggravated robbery, and he subsequently saw and stopped a vehicle matching the truck's description. James Meeks was driving the pickup truck and his brother Curtis and Howard Malone were passengers. Upon a consent search of the truck, Andrews found nine millimeter bullets and a .380 handgun.

Sentiff and McDonald drove to Bernice where McDonald identified James Meeks and Howard Malone by their physical characteristics as being the ones who robbed him. McDonald also testified that he had known Malone and the Meeks brothers

---

[1]McDonald's description did not include any details regarding the clothing worn by the robbers.

prior to the robbery. Sentiff said that McDonald had pointed out James Meeks as the one who had initially threatened McDonald with a nine millimeter, black-type weapon.

After the Meeks brothers and Malone were taken to the Bernice Police Station, the officers obtained a search warrant and found about $3,600 in the air filter of the Meeks truck. The marked $100 bill described by McDonald as being a part of the monies stolen was a part of the stash found in the vehicle.

In sum, the state's evidence tended to identify James Meeks as one of the two robbers who threatened and took McDonald's money. If that were not enough, the evidence also placed James Meeks in constructive possession of the stolen money found only forty minutes after the crime took place in the truck he was driving. *Littlepage* v. *State*, 314 Ark. 361, 863 S.W.2d 276 (1993). These factors, along with the other evidence set out above, are clearly sufficient to establish the crime and James Meeks's connection with, including his participation in, the robbery of McDonald. Accordingly, we affirm.