Joe Leslie SMITH *v.* STATE of Arkansas

CA CR 07-673 275 S.W.3d 686

Court of Appeals of Arkansas
Opinion delivered February 13, 2008

*Witt Law Firm,* P.C., by: *Ernest W. Witt,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Valerie Glover Fortner,* Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant Joe Leslie Smith was convicted by a Crawford County jury of failing to register as a sex offender and sentenced to six years in prison. Smith argues on appeal that the trial court erred in failing to grant his motions for directed verdict. We affirm.

In 1999, Smith was convicted of first-degree sexual abuse. In the case at bar, the parties stipulated to the 1999 conviction and that as a result of that conviction Smith was required by law to register as a sex offender. On April 30, 2004, Smith appeared at the Crawford County Sheriff's Office to register as a sex offender. Smith, who was assisted by Deputies Aaron Beshears and Pattie Bonewell, advised that he was residing at 4510 Alma Highway, Lot 61, in Van Buren, Arkansas. Deputy Bonewell, who testified that she helped Smith fill out the sex-registration form, confirmed that Smith told her he was living at 4510 Alma.

Deputies Beshears and Bonewell both testified that in 2004 they, along with other sheriff's employees, made numerous attempts (over a one-year period) to locate Smith at 4510 Alma and were unsuccessful. On August 26, 2005, Deputy Bonewell met with Smith's sister, Judy Ketten, who advised that she resided at 4510 Alma and that her brother did not live there with her. Ketten corroborated Deputy Bonewell's testimony. Ketten testified that she lives at 4510 Alma in her mobile home. She further testified that her brother has never lived with her at that address. She agreed that he may have stayed there a night or two in the past, but that the utilities were not in his name and he had no personal belongings there. Ketten also testified that she did not know that her brother listed her address on the sex-offender registration form until she received a visit from a sheriff's deputy.

Both deputies concluded that Smith did not reside at that address, and the sheriff's office issued a warrant for Smith's arrest based on his failure to register as a sex offender. On March 20, 2006, Smith was arrested, pursuant to that warrant, in Russellville, Pope County.

Smith testified that he drives a tractor-trailer rig for a living. Before registering in Crawford County, he asked his sister if he could use her address because he was living in his truck, had no address to list on the form, and had to have an address where he could receive mail. He testified that she agreed. On at least two occasions, Smith testified that he did not actually live at 4510 Alma, rather, he only stayed there on occasion. But, primarily, he

lived in his truck. He testified, "last year, I had 348 days in my truck." He testified that his sister lied when she said that she had never agreed to let him use her address. Smith twice moved for directed verdict, arguing that the proof was insufficient. The trial court denied the motions. The jury found Smith guilty of failing to register as a sex offender.

On appeal, Smith again challenges the sufficiency of the evidence. When a defendant challenges the sufficiency of the evidence on appeal, the appellate court views the evidence in the light most favorable to the State. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* Only evidence supporting the verdict will be considered. *Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997).

Smith does not contest his duty to register as a sex offender; rather, he contends he complied with the statute. He argues that he lived at 4510 Alma (when he was not living in his truck), and that his sister was aware that he used her address when he registered. He also argues that because he lived in his truck most of the year, law-enforcement officers were not able to locate him at 4510 Alma. Finally, he argues that the State failed to prove that he lived in Russellville or any other address.

 The information filed by the State charged Smith with a violation of Arkansas Code Annotated section 12-12-904(a)(1) (Repl. 2003).[1] This statute provides that:

> A person who fails to register or who fails to report changes of address, employment, education, or training, or who refuses to cooperate with the assessment process as required under this subchapter shall be guilty of a Class D felony.

Substantial evidence supports the trial court's denial of Smith's motions for directed verdict. Smith did not provide a change of address verifying his residence when he registered with the Crawford County Sheriff's Office. "Residency" is defined in the Sex Offender Registration Act of 1997 as "the place where a person lives . . . ." Ark. Code

---

[1] This statute has since been amended to change the offense to a Class C felony. *See* Ark. Code Ann. § 12-12-904(a)(1) (Supp. 2007).

Ann. § 12-12-903 (10)(A) (Repl. 2003). Smith gave "an" address, but the evidence shows that Smith did not reside at that address. Numerous attempts, over the course of a year, were made by the sheriff's department to locate Smith at that address, and all were unsuccessful. Smith's sister testified that her brother did not live with her. Moreover, Smith admitted at trial that he did not live with his sister — he only stayed there occasionally — and that he lived in his truck.

Not only did Smith fail to give an accurate address, he failed to report the change in his employment, which is also required under Arkansas Code Annotated section 12-12-904(a)(1).

Q: And had, in fact, [you] even changed employment in 2005, correct?

A: Yes, sir.

Q: And never told anybody about that change, either: did you?

A: No, sir.

Finally, Deputy Bonewell testified that sex offenders are required to submit residence verification every six months.[2] The evidence demonstrated that Smith failed to comply with this requirement as well.

Therefore, we hold that the evidence is substantial that Smith refused to comply with section 12-12-904(a)(1) — he failed to report a change of address or change of employment, and he failed to cooperate with the assessment process.

Affirmed.

GRIFFEN and BAKER, JJ., agree.

---

[2] *See* Ark. Code Ann. § 12-12-909(a)(1)(A) (Repl. 2003), which provides that every six months the Arkansas Crime Information Center shall mail a verification form to the last known address of the offender. The offender has ten days to return the verification form to the local law-enforcement agency.