JOSEPHINE LINKER HART, Justice, dissenting. Under our standard of review, we review all the evidence, even that improperly admitted and based on that standard, I agree that there is substantial evidence to support the jury’s verdict. However, I believe that this case should be reversed because the circuit court abused its discretion in refusing to submit to the jury the accomplice-testimony instruction, AMI Crim.2d 403. The majority’s use of dicta from Hickman v. State, 372 Ark. 438, 277 S.W.3d 217 (2008), to forge a new procedural template for harmless-error analysis without first determining whether the trial court erred in finding that there was no evidence of accomplice liability is contrary to law and compromises an accused person’s right to a fair trial. In Hickman, we upheld a trial court’s finding that there was no evidence to support giving the accomplice-testimony instruction. Here, the trial court’s erroneously concluded that there was no evidence to support giving the instruction. That error should not be upheld. A party is entitled to a jury instruction if there is any supporting evidence for the instruction. Morris v. State, 351 Ark. 426, 94 S.W.3d 913 (2003) (citing Henderson v. State, 349 Ark. 701, 80 S.W.3d 374 (2002)). In pertinent part, to be defined as an accomplice to | i0the commission of a crime under our criminal code, that person must, with the purpose of promoting or facilitating that offense, aid, agrees to aid, or attempts to aid the other person in planning or committing it. Ark.Code Ann. § 5-2-403 (Repl.2006). Relevant factors in determining the connection of an accomplice with the crime include the presence of the witness in the proximity of a crime, opportunity, and association with a person involved in a crime in a manner suggestive of joint participation. Parker v. State, 355 Ark. 639, 144 S.W.3d 270 (2004). Here, there was evidence that Jason Smith helped Wells in his flight from the crime by pushing the getaway car after it got stuck. This evidence alone justifies giving the AMI Crim.2d 403 instruction. See Jackson v. State, 193 Ark. 776, 102 S.W.2d 546 (1937) (evidence showing a witness was present, had knowledge of the crime that had been committed, and had protected the perpetrator was sufficient to require giving the jury the accomplice-testimony instruction). The trial court’s failure to give that instruction was error. King v. State, 323 Ark. 671, 916 S.W.2d 732 (1996). Additionally, there was evidence that Wells had earlier accompanied Smith when he attempted to cash a forged check in another county. While Smith did not accompany Wells into the motel, an associate need not participate in every aspect of the crime to be found an accomplice. See Meadows v. State, 2012 Ark. 57, 386 S.W.3d 470. Given Smith’s assistance in getting away from the scene of the murder, his proximity to the murder, and his evening-long association with Wells in a quest for money, a reasonable jury could find that there was joint participation. Accordingly, in my view, the trial court abused its discretion in refusing to give the AMI Crim.2d 4031 n instruction. Only after trial court error has been found is it permissible to proceed to harmless-error analysis. Yet, in relying on Hickman, supra, the majority is omitting this essential first step. This omission is significant, because the majority goes on to review evidence that the jury was never asked to evaluate in the context of whether it provides corroboration of accomplice testimony and concludes that it was sufficient. Such a conclusion would be warranted if the issue on appeal was whether there was sufficient corroboration of accomplice-witness testimony. In that situation the jury has already passed on the question and made its credibility calls. Accordingly, it is proper when we view the evidence in the light most favorable to the jury’s decision. Meeks v. State, 317 Ark. 411, 878 S.W.2d 403 (1994). Here, the jury made no such decision. Therefore the majority’s conclusion that Smith’s testimony was sufficiently corroborated impermissibly invades the exclusive province of the jury. The majority is making credibility calls on a cold record to support finding its own facts. In performing harmless-error analysis, we eliminate from the analysis all of Smith’s testimony and determine whether there is evidence that tends to connect Wells with the commission of the offense. Ark.Code Ann. § 16-89-lll(e)(l)(A) (Repl. 2005). However, after doing so, there is no evidence to establish the underlying felony — robbery of the motel. The majority’s recitation of the facts shows how crucial Smith’s testimony was to the State’s case. Indeed, not even the crime-scene photos suggested that anything had been disturbed, much less stolen. Wells’s confession only provides evidence that he committed the murder. Accordingly, the circuit court’s error was not harmless, and this case must be remanded for a new trial. BAKER, J., joins.