

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-307

| | |
|---|---|
| | **Opinion Delivered** November 6, 2013 |
| DAMEON DAVIS | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. CR-11-104, CR-11-308] |
| APPELLANT | |
| V. | HONORABLE CINDY THYER, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

A jury found Dameon Davis guilty on two aggravated-robbery counts. In addition to the jury's conviction, the circuit court had denied Davis's pretrial motion to suppress evidence from a traffic stop and, after the jury had convicted him, revoked his probation for an earlier aggravated-assault conviction. Davis appeals all three decisions. We affirm in all respects.

I.  *Facts*

This case involves two gas-station robberies that happened on October 18, 2011, in Blytheville. The first robbery happened at the Cherry Tree gas station at around 10:00 p.m. and the second robbery occurred at the Dodges Store, approximately an hour later. Both clerks described the assailant as wearing black clothes with a white rag held over his face. The first clerk described the assailant's clothing as a black hoodie, black pants, and

black shoes. In both instances, the assailant pointed a small revolver at the clerks and demanded money. The first clerk gave him $200 in various denominations, but mostly one and five-dollar bills. Some of the money was paper-clipped together. The second clerk surrendered $300 to the man.

Sergeant Kyle Lively responded to both armed robberies. He arrived at the Cherry Tree at 10:30 p.m. but left shortly after that to respond to the Dodges Store robbery. On the way, he saw a vehicle that triggered his interest. First, Sgt. Lively had previously arrested the vehicle's driver, Quintrell Richardson, for carrying a firearm. Second, he remembered seeing the vehicle a few days earlier in close proximity to another robbery.[1] Third, the car was driving away from the Dodges Store's location and was only about a half-mile away from the scene soon after the robbery. These factors prompted Sgt. Lively to run the car's plates. He confirmed that the car belonged to Richardson and pulled it over.

Three people were in the car: Richardson, the driver; Dameon Davis (appellant), the front-seat passenger; and a back-seat passenger. Various one and five-dollar bills were scattered on the floorboard, and all three men had at least $100 on their person. Some of the money was still paper-clipped together. Davis told Sgt. Lively that his name was "Solomon Slaughter," and Sgt. Lively arrested him for giving a false name. Later, the police calculated that the money on the floorboard, plus the money on the three men,

---

[1] He could identify the car by its color and unique rims.



totaled $563. The police also gathered clothing from the men, including a black hoodie, black shoes, a black hat, and a white T-shirt.

After hearing the above testimony, a jury convicted Davis on two aggravated-robbery counts. The circuit court also revoked Davis's probation for an earlier aggravated-assault charge. Davis received 10 years' imprisonment for the robberies and six years' imprisonment for the revocation, all set to run concurrently.

## II.  *The Verdict*

Davis argues that the jury heard insufficient evidence that he was a principal or accomplice to aggravated robbery. We disagree because the police found him in a car that was driving away from the crime scene; the car contained roughly the same amount of money that had been stolen from the two stores; and clothing that the clerks saw the robber wearing was found in the car. Consequently, we affirm the jury's verdict.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). When a defendant makes a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and only consider evidence supporting the verdict. *Id.* The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.*

Circumstantial evidence may constitute substantial evidence to support a conviction. *Dunn v. State*, 371 Ark. 140, 264 S.W.3d 504 (2007). The longstanding rule in the use of circumstantial evidence is that, to be substantial, the evidence must exclude

every other reasonable hypothesis than that of the guilt of the accused. *Id.* This is a jury question, and we will not disturb the jury's determination unless the jury resorted to speculation and conjecture in reaching its verdict. *Id.*

Here, Davis, the appellant, was convicted as an accomplice to aggravated robbery. "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft . . . the person employs or threatens to immediately employ physical force on another person." Ark. Code Ann. § 5-12-102(a) (Repl. 2006). Robbery can become aggravated robbery if the person is armed with a deadly weapon. Ark. Code Ann. § 5-12-103(a)(1). Further, a person is criminally liable for the conduct of another person when he is the accomplice of another person in the commission of an offense. Ark. Code Ann. § 5-2-402. An accomplice is a person who, with the purpose of promoting or facilitating the commission of an offense:

- Solicits, advises, encourages, or coerces the other person to commit it; or

- Aids, agrees to aid, or attempts to aid the other person in planning or committing it; or

- Having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.

Ark. Code Ann. § 5-2-403; *Cook v. State*, 350 Ark. 398, 86 S.W.3d 916 (2002). The "[r]elevant factors in determining the connection of an accomplice to a crime are the presence of the accused in proximity to the crime, the opportunity to commit the crime, and an association with a person involved in the crime in a manner suggestive of joint participation." *Taylor v. State*, 2010 Ark. 372, at 18, 372 S.W.3d 769, 780.

Substantial evidence supports Davis's aggravated-robbery conviction. When the officer stopped the car, it was moving away from the Dodges Store's direction. Officers found Davis in the car with roughly the same amount of money that had been stolen from the two gas stations. The money was mostly in small bills and was paper-clipped together, which is how the clerk described the money stolen from the Cherry Tree gas station. Sergeant James Harris testified that $139.[2] of that money was found on Davis's person. Davis also provided a false name to the police, and using a false name after committing a crime tends to establish guilt. *See Austin v. State*, 26 Ark. App. 70, 760 S.W.2d 76 (1988).

Other facts support the jury's verdict that Davis was an accomplice. Once the car had been pulled over, police discovered that all three men had money in their pockets. A jury could believe, without resorting to speculation, that the men shared the crime's proceeds and had jointly participated in the robbery. Last, one of the passengers was wearing clothing—a black hat, black pants, and black shoes—that matched the two witnesses' descriptions and surveillance-video footage of the robber; and police also confiscated a black hoodie from the car that strongly resembled the one the robber had worn in Dodges Store.

All told, this evidence is substantial and supports the jury's verdict that Dameon Davis committed, or was an accomplice to, aggravated robbery.

---

[2]Sgt. Harris said that the denominations were $54 in one-dollar bills; $25 in five-dollar bills; $40 in ten-dollar bills; and one 20-dollar bill.



### III.   *Motion to Suppress*

We addressed Davis's sufficiency argument first for double jeopardy purposes and now turn to his suppression argument. *See Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001). Davis maintains that the police lacked reasonable suspicion to pull Richardson's car over and that the circuit court erred in denying his motion to suppress evidence from the stop. In fact, for the reasons explained below, the police did have reasonable suspicion. We therefore affirm the circuit court's denial of his motion to suppress.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the court's findings. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007). We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Id.*

"A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit . . . a felony." Ark. R. Crim. P. 3.1. (2013). Reasonable suspicion is defined as "a suspicion based on facts or circumstances which of themselves do not give rise to probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." Ark. R. Crim. P. 2.1. "Whether there is reasonable suspicion depends upon whether, under the totality of the circumstances, the

police have 'specific, particularized, and articulable reasons indicating that the person may be involved in criminal activity.'" *Menne v. State*, 2012 Ark. 37, at 6, 386 S.W.3d 451, 455 (citing *Malone v. State*, 364 Ark. 256, 263, 217 S.W.3d 810, 814 (2005)).

When determining whether reasonable suspicion exists, an officer may consider, *inter alia*, the following factors:

- Any knowledge the officer may have of the suspect's background or character;

- The time of the day or night the suspect is observed;

- The particular streets and areas involved;

- Any information received from third persons, whether they are known or unknown;

- Whether the suspect is consorting with others whose conduct is reasonably suspect;

- The suspect's proximity to known criminal conduct; and

- The incidence of crime in the immediate neighborhood.

Ark. Code Ann. § 16-81-203 (Repl. 2006); *Jefferson v. State*, 349 Ark. 236, 76 S.W.3d 850 (2002); *see also* Comment to Ark. R. Crim. P. 2.1. Reasonable suspicion is a less demanding standard than probable cause, *Lambert v. State*, 34 Ark. App. 227, 808 S.W.2d 788 (1991), and facts insufficient to rise to probable cause could constitute reasonable suspicion. *See Laime v. State*, 347 Ark. 142, 60 S.W.3d 464 (2001).

In this case, Sergeant Lively, had reasonable suspicion to stop the vehicle. Sgt. Lively knew that two armed robberies had recently taken place because he went to the Cherry Tree and was in the process of responding to the Dodges Store robbery. On the

way there, at around 11:20 PM, he saw Quintrell Richardson's car a half-mile away from the Dodges Store, which had just been robbed. Immediately, Sgt. Lively became suspicious because he had arrested Richardson in the past for having a gun. Further, Sgt. Lively had seen Richardson's car a few days earlier at another robbery and could identify the car by its color and unique rims.

These facts are specific, particularized, and articulable and gave Sgt. Lively a good reason to believe that Richardson, the car's driver, was involved in an armed robbery. They also implicate the relevant factors listed above, including Sgt. Lively's own knowledge about Richardson's past, the time of day (late), and the car's proximity to the recently robbed Dodges Store. Our supreme court, in *Tillman v. State*, found that these near-identical facts justified a traffic stop based on probable cause. 271 Ark. 552, 609 S.W.2d 340 (1980). In *Tillman*, the police officer's knowledge of the defendant's past criminal conduct, a description of the defendant's automobile near the crime scene, and the defendant's previous arrests were held to justify probable cause to stop and search the vehicle. *Id.* at 558, 609 S.W.2d at 344. If those facts amounted to probable cause in *Tillman*, then they at least amount to reasonable suspicion here. Accordingly, Sgt. Lively's temporary stop and detention of Richardson's car was justified and the circuit court's decision denying the motion to suppress was not clearly against the preponderance of the evidence.

IV. *Probation Revocation*

Davis also argues that the circuit court should not have revoked his probation for an earlier aggravated-assault conviction. He says that the circuit court did not specify

which probation condition he had violated. The record reflects the opposite: the court revoked his probation for committing the criminal offense of aggravated robbery. The State's burden in a revocation proceeding is proving by a preponderance of the evidence that the probationer had violated one probation condition.[3] *See Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Because this is less than is required to convict for a criminal offense, and because we have already found that substantial evidence supports Davis's aggravated-robbery convictions, we affirm the revocation.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Charles E. Ellis*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

---

[3]Davis's probation conditions prohibited him from committing a criminal offense punishable by imprisonment, and the State charged him with violating that condition in its revocation petition.