

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–13–548

| | |
|---|---|
| FRANKIE LEE BROWN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 29, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. CR-2012-2683]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>AFFIRMED |

**RHONDA K. WOOD, Judge**

A jury found Frankie Lee Brown guilty of first-degree battery. His sole point on appeal is that the circuit court erred by denying his directed-verdict motion. The evidence that Brown stabbed the victim in the chest is substantial evidence to support the jury's verdict that he caused serious injury to the victim under circumstances manifesting extreme indifference to the value of human life. We affirm.

On July 12, 2012, Brown approached Herbert Johnson, a homeless man, outside a gas station in Little Rock and asked for money. Johnson said he did not have any money and entered the store. When Johnson exited the store, Brown approached him again and pushed him to the ground. A brief skirmish followed. Johnson realized he was bleeding badly, re-entered the store for assistance, and was taken to a local hospital where he underwent emergency surgery to repair a life-threatening laceration to his chest.

On appeal, Brown contends the circuit court should have granted his motion for a directed verdict, which is a challenge to the sufficiency of the evidence. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). When a defendant makes a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and only consider evidence supporting the verdict. *Id.* The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.*

The State charged Brown with first-degree battery under Arkansas Code Annotated section 5-13-201(a)(3) (Supp. 2011), which provides that "[a] person commits battery in the first degree if [t]he person causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life[.]" Circumstances manifesting extreme indifference are akin to a mental state, requiring deliberate conduct with a knowledge or awareness that one's actions are practically certain to bring about the prohibited result. *Williamson v. State*, 2011 Ark. App. 73, 381 S.W.3d 134. The circumstances from which the jury may infer intent include the type of weapon used, the manner in which it was employed by the defendant, and the nature, extent, and location of the trauma suffered by the victim. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000).

Brown argues that there was insufficient evidence that he caused the injury to Johnson under circumstances manifesting extreme indifference to the value of human life. We disagree. The cardiothoracic surgeon who performed Johnson's surgery testified that

the injury inflicted by Brown was nearly fatal. Further, the stab wound, which was an inch or two long and penetrated five-to-six inches into Johnson's chest cavity, cut through several arteries and veins inside Johnson's chest and lacerated one of his lungs. Johnson identified Brown as his attacker at trial and testified that Brown instigated the scuffle and stabbed him. The surveillance footage corroborated Johnson's account of the events. The evidence introduced at trial easily constitutes substantial evidence that Brown caused serious injury to Johnson under circumstances manifesting an extreme indifference to human life. Consequently, we affirm the circuit court.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Lisa Thompson*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.