Richard TOMBOLI *v.* STATE of Arkansas

CA CR 07-441 268 S.W.3d 918

Court of Appeals of Arkansas
Opinion delivered November 28, 2007

*David Cannon*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Carolyn Boies Nitta*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. A Lonoke County jury found Richard Tomboli guilty of theft by receiving and sentenced him to a thirty-year term in the Arkansas Department of Correction. He appeals from the conviction, asserting that the State presented insufficient evidence to show that he possessed the stolen vehicle in question. He also alleges that the trial court erred in

allowing victims of other thefts to testify about those thefts and in not allowing him to cross-examine a witness regarding a third party who was also accused of theft by receiving. We affirm, holding (1) that the State presented sufficient evidence that appellant was in possession of the stolen vehicle; (2) that, while the court erroneously permitted evidence of other thefts, the error was harmless; and (3) that the trial court properly excluded questions regarding thefts committed by a third party absent a connection to the present case.

*Factual and Procedural History*

Appellant was charged with felony theft by receiving and fleeing.[1] Evidence presented at trial shows that in September 2005, Dale Lamb's white 2004 Dodge Ram truck was stolen from his fiance's residence. Police recovered a white 2004 Dodge Ram in November 2005. The truck recovered by police appeared to be Lamb's truck, though a pinstripe and a Razorback decal had been added. Lamb's insurance company paid on a theft claim, and insurance records show that the VIN number of Lamb's truck was 1D7HA16D14J171118.

The truck was recovered on the afternoon of November 20, 2005, by Deputy Steve Benton of the Lonoke County Sheriff's Office. He initiated a traffic stop after seeing a white Dodge Ram passing on a double-yellow line. The truck stopped on Pickthorne Road, but as Benton exited his patrol car and started toward the truck, the truck drove off. When the truck left, Benton returned to his patrol car and pursued the truck. The truck later turned into a hayfield, and Benton lost sight of it. However, he later discovered the truck abandoned in the field. Benton checked the VIN number of the truck, 1D7HA16D14J171118, and discovered that the truck was stolen. He found several items in the field close to or inside the truck, including a claw hammer, a shoe, a hand saw, some business checks, a plastic wedge, a "slim jim" (used for unlocking cars), a stun gun, a small can of mace, flashlights, a radio antenna adaptor, bolt cutters, and a handsaw. Several items were fingerprinted, and a print belonging to appellant was found on one of the checks. In addition, during the chase, Benton saw the driver throw a black bag out of the truck. Police later recovered the bag, and it contained an assortment of keys and key rings. Benton identified

---

[1] Appellant was charged with several other misdemeanors; however, the theft-by-receiving and fleeing charges are the only ones relevant here.

appellant as the driver of the truck. He first identified appellant as the driver when presented with appellant's driver's license photo the following day. Benton described the driver of the truck as a white male with dark "spiky-type" hair.

The State also presented testimony of Amanda Garmen, who works for American Storage in Sherwood. According to her testimony, appellant rented two storage units. She testified that video tape from November 2005 showed appellant arriving at the storage facility driving a white Dodge pickup truck. On the day she saw the video, she saw a yellow four-wheeler in the bed of the truck.

Over appellant's objection, Detective Michelle Stracener testified that she and other officers executed a search warrant on Tomboli's storage units. During the search, police recovered a yellow four-wheeler, which was later returned to its owner; a set of golf clubs, which was returned to its owner; a golf cart and another set of golf clubs, released to their rightful owner; and two firearms. Jerry Bradley testified that the checks recovered from the stolen truck belonged to him and that he did not authorize appellant to use the checks. Over appellant's objection, he testified that Stracener returned the golf clubs to him. Appellant made the same objection when Davis Kolasa testified about the theft of his four-wheeler.

Finally, the State presented the testimony of Kelli Martindill. She identified herself, appellant, and Ronnie Stover as the subjects of photographs found in the stolen truck. On cross-examination, Martindill testified that Stover matched the description of appellant. When appellant questioned Martindill about Stover's criminal history, the State objected, contending that Martindill had no personal knowledge of Stover's record. Appellant argued that the evidence was admissible under a "reverse" Rule 404(b) analysis, but the court sustained the State's objection. Appellant proffered that Martindill would have testified that Stover was facing several criminal charges, including theft by receiving, for selling stolen items over the Internet.

At the conclusion of the State's case, appellant moved for directed verdict, arguing that the State failed to prove that the vehicle he allegedly drove was the one stolen from Lamb. He emphasized the characteristics that distinguished Lamb's vehicle from the one found by police. The court denied the motion, and appellant rested without presenting a case. After deliberations, the

jury found appellant guilty of theft by receiving, but found him not guilty of the fleeing charge. It later sentenced him to thirty years in the Arkansas Department of Correction.

### Sufficiency of the Evidence

Appellant now challenges the sufficiency of the evidence to support his conviction. He argues that the State presented insufficient evidence that he was the person who was driving the truck in November 2005. Appellant contends that the only evidence connecting him to the truck was a fingerprint on a check found outside the truck and a photograph of him found inside the truck. Regarding the evidence that appellant was driving a white Dodge truck to his storage units, he argues that the State failed to present any evidence identifying the truck, and he urges us to take judicial notice of the fact that hundreds of Dodge trucks are being driven in this State.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006). When a defendant makes a challenge to sufficiency of the evidence on appeal, the appellate court views the evidence in the light most favorable to the State. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* Only evidence supporting the verdict, including evidence erroneously admitted, will be considered. *Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997). We affirm the conviction if there is substantial evidence to support it. *Id.* Circumstantial evidence may constitute sufficient evidence to support a conviction, but it must exclude every other reasonable hypothesis other than the guilt of the accused. *Whitt v. State*, 365 Ark. 580, 232 S.W.3d 459 (2006). The question of whether the circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is for the jury to decide. *Id.*

We hold that the State presented sufficient evidence to show that appellant was in possession of Lamb's stolen truck. Before the trial court, appellant argued that the State failed to prove that the truck found by Benton was the one stolen from Lamb. However, the State presented evidence showing that the VIN numbers of Lamb's truck and the truck recovered from the scene were the same, and Lamb testified that the recovered truck

was similar to his own truck. As for appellant's argument that he was not the person driving the truck, the evidence shows that his fingerprint was on an item found near the truck, and he was in photographs found inside the truck. Appellant was seen driving a white Dodge truck to his storage unit. Finally, Benton identified appellant as the person he saw on the day that the truck was recovered. This evidence is sufficient to compel the conclusion that appellant was in possession of Lamb's stolen truck.

### Evidentiary Rulings

Next, appellant argues that the trial court erred in allowing the State to introduce testimony from victims of other thefts when he had not been charged with those thefts. He contends that the State introduced the evidence only to show that, because he was in possession of other stolen property, he was in possession of the truck. Appellant asserts that this violates Ark. R. Evid. 404(b). The State argues that the testimony proved identity and absence of mistake.

Rule 404(b) of the Arkansas Rules of Evidence (2007) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court, and we will not reverse absent a showing of manifest abuse. *Holt v. State*, 85 Ark. App. 308, 151 S.W.3d 1 (2004). Evidence offered pursuant to Rule 404(b) must be independently relevant. *Id.* Evidence is independently relevant if it tends to prove a material point and is not introduced solely to prove that the defendant is a bad person. *Id.*

The State argues that the Rule 404(b) evidence was admissible because the identity of the driver of the truck was at issue. It contends that the check with appellant's fingerprint and the truck were in close enough proximity to suggest that appellant was the driving the stolen truck. The State also suggests that the golf clubs stolen at the same time as the truck and found in one of appellant's

storage units make it more likely than not that appellant was the driver of the stolen truck. While not explicitly argued by the State, a similar analysis could apply to the recovery of the four-wheeler. Because appellant was seen driving the truck containing the four-wheeler to the storage facility, it makes it more likely that appellant was the driver of the truck.

 We agree with appellant that the trial court improperly allowed the State to introduce evidence of the other thefts. The fact that the items were stolen is not independently relevant to appellant's identity. The connection to the items themselves was sufficient to establish evidence of appellant's identity. There was no need for the State to present testimony from the victims regarding the fact that the items were stolen. Further, we reject the State's argument that evidence of other thefts was relevant to show that appellant knew that the truck was stolen. This is the very type of evidence Rule 404(b) was meant to exclude. The trial court abused its discretion in allowing the State to introduce that testimony.

 Nevertheless, we affirm on this point because the error in admitting the improper Rule 404(b) evidence was harmless. When the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm the conviction. *E.g., Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). If evidence of the other thefts is excised from the record, the jury still had before it testimony that a person identified as appellant was seen driving away from Benton and later fled the stolen truck. A check with appellant's fingerprint was found near the truck, thus connecting appellant to the truck. Further, appellant was seen driving the truck to his storage units, and he was in photographs found in the truck. We hold that any error in allowing the victims to testify about the theft of their property is slight in comparison to the overwhelming evidence of guilt. Accordingly, we affirm on this point.

Finally, appellant contends that the trial court abused its discretion in refusing to allow him to introduce evidence that a third party had committed similar crimes. He asserts that questions regarding Stover's criminal activity tended to show that another person could have stolen or been in possession of Lamb's truck.

While evidence of other crimes, wrongs, or acts by a party other than the defendant may not be admitted to show that the party acted in conformity with a known character trait, the

evidence may be admitted for other purposes, such as to show motive, opportunity, intent, or identification of that other party, thus tending to negate the guilt of the defendant. *Price v. State*, 365 Ark. 25, 223 S.W.3d 817 (2006). For "reverse 404(b)" evidence to be admissible, the crimes by the other person must be so closely connected in time and method of operation as to cast doubt upon the identification of the defendant as the person who committed the crime charged against him. *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994) (citing *State v. Bock*, 229 Minn. 449, 39 N.W.2d 887 (1949)).

■ The only evidence appellant proffered to show that someone else committed the crime was that Stover had been charged with other thefts. He proffered no evidence showing that Stover's thefts were similar in time or method of operation to the theft of the truck. In other words, the only reason appellant presented this evidence was to show that, because Stover was currently being charged with theft by receiving in a separate case, he must have been the person to commit the theft in this case. Again, this is the very type of evidence Rule 404(b) seeks to exclude. The trial court did not err in excluding testimony regarding Stover's crimes, and we affirm on this point as well.

Affirmed.

MARSHALL, J., agrees.

PITTMAN, C.J., concurs.

JOHN MAUZY PITTMAN, Chief Judge, concurring. I agree with the result reached in this case. However, I do not agree with the majority's position that the trial court erred in admitting evidence of the stolen checks and golf clubs.

As noted by the majority, evidence of other bad acts by a defendant may be admissible if independently relevant to a material issue in the case. One permissible purpose for which other crimes evidence may be admitted is to establish identity. Ark. R. Evid. 404(b).

Here, appellant was tried for and convicted of theft by receiving a white Dodge pickup truck. A critical issue at trial was whether appellant was the person driving the stolen truck when it was observed and pursued by the police. Evidence was admitted that stolen checks, bearing appellant's fingerprints, were found

near the stolen truck after the driver abandoned the truck and fled. Evidence was also admitted that stolen golf clubs were later found in a storage room rented to appellant. The checks and golf clubs had been stolen in a single theft from a different victim, Dr. Jerry Bradley.

Proof of a physical connection between appellant and *two* sets of items taken in a *single* crime, one of which was found in the vicinity of the stolen truck, is independently relevant to the question of whether appellant was the driver of the stolen truck. I cannot agree with the majority that proof of appellant's "connection to the [checks and golf clubs] themselves," without proof that they had been stolen, would have been anywhere near as probative on the issue of the driver's identity. Appellant's simple possession of golf clubs in a different location would be irrelevant to any issue in this case. It is the connection of the clubs to the checks found at the scene of the abandoned truck that makes the clubs relevant. It was only through proof that the checks and clubs were taken in a single act of theft that the necessary connection between the checks and clubs could be established. Appellant's continuing connection to golf clubs stolen at the same time as the checks makes it more likely that appellant's connection to the checks was not simply transitory or coincidental. And it cannot be disputed that, as the strength of appellant's connection to the checks grows, so does the strength of his connection to the truck. I find no abuse of discretion in the trial court's admission of the evidence concerning the theft and recovery of Dr. Bradley's checks and golf clubs.