2009 Ark. App. 568

**Sharon ARRIGO, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1403.**

Court of Appeals of Arkansas.

Sept. 9, 2009.

William R. Simpson, Jr., Public Defender, Brandy Turner, Deputy Public Defender, by: Mary Kathryn Williams, Deputy Public Defender, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Sharon Arrigo appeals her conviction from the Pulaski County Circuit Court on a charge of prostitution under Arkansas Code Annotated section 5–70–102 (Repl.2005), for which she was sentenced to non-reporting probation for a period of six months. On appeal, she challenges the sufficiency of the evidence to support the conviction, specifically arguing that the State failed to introduce substantial evidence of either a sexual act or payment, or the expectation of payment, in return for the sexual act. Additionally, appellant argues that the State violated her right to due process by destroying the only objective evidence, a videotape of the alleged crime. We affirm.

*Facts*

₂Appellant is a sixty-one-year-old female naprapathic masseuse residing in and operating her business from Clinton, Arkansas. She began advertising her massage services in the erotic services section of Craigslist on the Internet during the winter of 2008. Detective James Johnson of the vice detail of the Little Rock Police Department responded by e-mail to an advertisement placed by appellant that stated, "Let me melt your stress away. Many years experience. Remember, practice makes perfect. Exotic, clean, nice." Detective Johnson subsequently spoke to appellant via telephone, at which time Detective Johnson told her that he was looking for the exotic, erotic massage she was offering and asked for details. Appellant explained that the cost was $300 for two hours and that she would come to Little Rock from Clinton, Arkansas.

After appellant cancelled the initial appointment, a subsequent appointment was

scheduled for January 18, 2008, to take place at a hotel in Little Rock, Arkansas. The vice detail rented two rooms, one for the massage and one for surveillance purposes. Appellant arrived with her own massage table, set up, and began the massage with Detective Johnson lying on his stomach. Detective Johnson testified that at one point appellant told him he looked like the Van Buren County Sheriff, at which time he assured her he was not a police officer.

Approximately an hour into the massage, Detective Johnson rolled onto his back. He asked appellant about the erotic part of the massage and claims that she told him to slow down a little; she was getting there. Detective Johnson testified that she reached down and began to stroke his penis. At that time, he stood up and gave the signal for the other vice officers to come into the room. Appellant was issued a ticket at that time for prostitution and operating a business without a license.

On March 20, 2008, appellant stood trial in the Little Rock District Court, where she was found guilty of prostitution. She filed a timely appeal to the Pulaski County Circuit Court, and a bench trial was held on August 8, 2008. Detective Johnson testified as to the January 18, 2008 incident, at which time he acknowledged that the undercover operation had been videotaped; however, that tape recording had been destroyed thirty days after the incident occurred as a matter of routine policy. Detectives Chris Ringgold and Aaron Manning of the vice detail also testified for the State, limited to the administrative aspects of the investigation and arrest. After the State rested, appellant's counsel made a motion to dismiss the prostitution charge, stating,

I believe the State has got to prove that she offered sexual services or that she gave sexual services in exchange for money. There's been no testimony of any sort of offer of sexual services, and I don't believe there was any sort of exchange from sexual services. I don't think there's enough evidence here. The detective [Johnson] testified that there was no mention of sex actually occurring, that she never propositioned him for sex, that she never mentioned sex and that he had her arrested when she touched his groin area.

The State responded that the relevant statute provides that prostitution occurs when the sexual activity—defined as sexual contact—is in return for a fee or the expectation of a fee. The State pointed out that sexual contact includes any act of sexual gratification, including the touching, directly or through clothing, of sexual organs. The State referred to Detective Johnson's testimony that (1) appellant stroked his penis, (2) it was not an incidental touching, and (3) he had agreed to pay her $300. Additionally, the State referred to Detective Manning's testimony that during the processing of her paperwork, appellant told him that she knew what she had done was wrong, but that she had worked a minimum-wage job and was unable to make it on the salary she made. The circuit court denied the motion to dismiss.

Appellant then testified on her own behalf. She explained that she had advertised in several areas on Craigslist and eventually placed an advertisement in the erotic services section because she was desperate after not receiving any calls. She testified that when she told the officer that she had done the wrong thing, she meant advertising in the wrong section because she was not going to provide a sexual service. She also testified that the charge was $300 for two hours because her drive was 170 miles round trip, or five

hours of her time, including the two-hour massage itself. Appellant's testimony conflicted with respect to whether she was in the room when Detective Johnson disrobed, how long the massage lasted before he rolled onto his back, and the nature of the touching of his groin area. Martha Nguyen, an acquaintance of appellant's from the Clinton area, testified that she was aware of appellant's massage services and that appellant does not use those services as sexual services. The defense then rested.

After the circuit court asked for statements from counsel, the State submitted that the burden of proof had been met. Appellant's counsel then responded,

> Your Honor, I don't believe the State has proved this is prostitution, that there was enough done to prove any sort of prostitution. I think [appellant] is a legitimate masseuse who made a mistake advertising in the wrong section on [C]raigslist to try to get extra business. I don't believe she's in the business of selling sexual services, Your Honor. I don't believe the State made their burden of proof.

The circuit court found that there was sufficient evidence to find appellant guilty of the prostitution charge. The judgment and commitment order was filed on August 22, 2008, and appellant filed a timely notice of appeal on September 10, 2008.

### I. *Sufficiency of the Evidence*

Because this was a bench trial, appellant's motion was a motion to dismiss. *Stewart v. State,* 362 Ark. 400, 208 S.W.3d 768 (2005). A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Tomboli v. State,* 100 Ark.App. 355, 268 S.W.3d 918 (2007). We will affirm a circuit court's denial of the motion if there is substantial

evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is defined as evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. *Id.* Credibility determinations are made by the trier of fact, which is free to believe the prosecution's version of events rather than the defendant's. *See Ross v. State,* 346 Ark. 225, 57 S.W.3d 152 (2001).

Appellant argues that the circuit court should have granted the motion to dismiss because the State failed to produce sufficient evidence regarding two elements of the alleged crime: (1) a sexual act, and (2) payment or expectation of payment in return for the sexual act. Appellant points out that Detective Johnson never testified as to any conversation that he engaged in with her arranging for anything other than a massage. She maintains that the incidental brushing of his penis occurred after a significant period of time spent engaged in a full-body massage that likely included deliberate and/or incidental touching of his entire body "from the hair on his head to the soles of his feet."

Additionally, appellant claims there was no proof of payment for sexual activity or the expectation of sexual activity. Regarding the $300 payment for a two-hour massage, she explains that the trip from Clinton to Little Rock is 170 miles round trip. The trip takes between one and a half to two hours one way, at least a three-hour round trip. It is undisputed that Detective Johnson was aware that appellant was driving in from Clinton, and appellant claims he requested that she come to Little Rock to perform the massage. Detective Johnson testified regarding his experience with the vice squad, particularly that he had never paid more than a

dollar a minute for a legitimate massage and claimed such was the going rate for such services in Little Rock. Appellant explains that her quote of $300 included $120 for the planned 120–minute massage and $180 for the three hours, or 180 minutes, of time she would spend traveling to Little Rock and back to Clinton.

Appellant argues that the evidence of any sexual act was not substantial and the evidence regarding payment or expectation of payment in exchange for sexual service was circumstantial in nature. She claims that when circumstantial evidence is relied on by the State to prove a defendant's guilt, it must exclude every other reasonable hypothesis than that ▎₇of the guilt of the accused. *See Champlin v. State,* 98 Ark.App. 305, 254 S.W.3d 780 (2007). Appellate courts will reverse and dismiss a criminal conviction that is based on circumstantial evidence when the trier-of-fact is left to speculate about or guess at the defendant's guilt. *See King v. State,* 100 Ark.App. 208, 266 S.W.3d 205 (2007). She urges that the circumstantial evidence submitted in this case was not sufficient to exclude the possibility that she charged Detective Johnson for a legitimate massage as well as her travel time/expenses due to her having to drive from Clinton to Little Rock and back.

The State responds that there was sufficient evidence to support a conviction on the charge of prostitution—specifically that there was sufficient evidence of sexual activity. Arkansas Code Annotated section 5–70–102(a) provides that a person commits prostitution if in return for or in expectation of a fee he or she engages in or agrees or offers to engage in sexual activity with any other person. Arkansas Code Annotated section 5–70–101(4) (Repl. 2005) defines "sexual activity" as sexual intercourse, deviate sexual activity, or sexual contact as defined in section 5–14–101

(Repl.2006). Subsection (9) of section 5–14–101 defines "sexual contact" as any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female.

There was undisputed testimony that appellant advertised in the "erotic services" section on Craigslist on the Internet, and that undercover officer Detective Johnson engaged appellant's services in response to that advertisement. Detective Johnson scheduled an appointment with appellant at a hotel in Little Rock, and appellant met him there as planned. ▎₈Detective Johnson testified that, during the course of performing the massage, appellant started stroking his penis. The State maintains that the officer's testimony was sufficient to satisfy the requirements of the statute regarding sexual activity through sexual contact. Although appellant claims that the touching was inadvertent, all of the attending circumstances regarding the offense could be weighed by the fact-finder—here, the circuit court—and a credibility determination was made in favor of the officer. Credibility determinations are for the fact-finder and will not be considered by the appellate court. *See Turbyfill v. State,* 92 Ark.App. 145, 211 S.W.3d 557 (2005). We agree, and affirm on this point.

## II. *Destruction of Videotape*

█ Appellant argues that the State violated her right to due process by destroying the only objective evidence, a videotape of the alleged crime. Although Detective Johnson acknowledged that the videotape had been destroyed within thirty days of the incident pursuant to department policy, appellant failed to object, otherwise develop her due-process argument regarding this issue, or obtain a ruling on it at the circuit-court level. *See Jones v.*

*State,* 72 Ark.App. 271, 35 S.W.3d 345 (2000) (holding that this court will not address. new arguments made for the first time on appeal). Even constitutional arguments, such as the violation of due process, must be preserved with a proper objection below. *See Dowty v. State,* 363 Ark. 1, 210 S.W.3d 850 (2005). Accordingly, we decline to consider appellant's argument on this point.

⌊₉Affirmed.

VAUGHT, C.J., and PITTMAN, J., agree.