

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–13–513

| | |
|---|---|
| VANQUISHA ROBINSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 22, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. CR–2010–536]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Vanquisha Robinson appeals her conviction, challenging the court's denial of her motion for a directed verdict on the basis there was insufficient evidence to support her criminal conviction. In addition, she contends it was reversible error for the circuit court to fail to hold a hearing on her motion to transfer her case to juvenile court. We find no error and affirm.

On January 6, 2010, Robinson, then seventeen-years-old, went with Edward Smith to victim Jared Freeman's home where they shot and robbed Freeman. Robinson was charged in Pulaski County Circuit Court with criminal attempted murder, aggravated robbery, aggravated residential burglary, battery in the first degree, and theft of property, all subject to a firearm enhancement. On November 29, 2011, Robinson filed a motion to transfer her case to the Juvenile Division pursuant to Arkansas Code Annotated section

SLIP OPINION

9-27-318(e) (Supp. 2011). There is no indication in the record that the court conducted a transfer hearing. On January 10, 2012, Robinson waived, in writing, her right to a jury trial and consented to a bench trial. The court convicted Robinson and sentenced her to twenty-five years in the Arkansas Department of Correction.

First, Robinson contends that the trial court erred in denying her motion for directed verdict. Because this was a bench trial, Robinson's motion for directed verdict was in reality a motion to dismiss. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005). A motion to dismiss at bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Tomboli v. State*, 100 Ark. App. 355, 268 S.W.3d 918 (2007). On appeal, this court reviews the evidence in the light most favorable to the State, considering only the evidence that supports the conviction. *Spight v. State*, 101 Ark. App. 400, 278 S.W.3d 599 (2008). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003). The fact that evidence is circumstantial does not render it insubstantial. *Walker v. State*, 313 Ark. 478, 855 S.W.2d 932 (1993).

Robinson argues that the only evidence establishing her intent was the inconsistent testimony of the victim. However, this court has held repeatedly that it is the responsibility of the finder of fact to assess the credibility of the witnesses. *Turner v. State*, 2012 Ark. App. 150, 391 S.W.3d 358. Likewise, we have long held that the trier of fact is free to believe all or part of a witness's testimony. *Freeman v. State*, 331 Ark. 130, 959 S.W.2d 400 (1998). Moreover, inconsistent testimony does not render proof insufficient

2

SLIP OPINION

as a matter of law, and one eyewitness's testimony is sufficient to sustain a conviction. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). At trial, Freeman testified that Robinson actively participated in the crimes against him. He testified that Robinson and Smith entered his home without permission. Smith shot him in the side of his head, shot him again through his ear, and told him to go into his bedroom. Freeman stated that when he entered his room, Robinson pointed a different gun at him and, when he begged for his life, Robinson told him to "shut up." After Smith entered the room and shot him a third time, Robinson told Smith to shoot Freeman again because he was not dead yet. Following the shootings, Robinson and Smith fled the residence together, taking with them thousands of dollars worth of stolen goods. Robinson admitted at trial that she did give Smith the gun that he used to shoot Freeman and that she did nothing to help Freeman after he was shot. She otherwise denied being an accomplice.

This court recognizes that a person is presumed to intend the natural and probable consequences of his actions. *Morales v. State*, 2013 Ark. App. 555. One can infer intent from the type of weapon used, the manner of use, and the nature, extent, and location of the victim's injuries. *Wyles v. State*, 368 Ark. 646, 249 S.W.3d 782 (2007). Here, testimony showed, at the very least, that Robinson handed Smith the gun used to shoot Freeman the last time, that she did nothing to help Freeman, and that she fled the scene with the shooter and the stolen goods. There was substantial evidence to support Robinson's convictions.

Secondly, we address Robinson's argument that it was reversible error for the circuit court not to conduct a transfer hearing. We find this issue is not preserved on

3

appeal. Robinson filed the motion for a transfer hearing, but there is no further mention in the record of the court addressing the motion. There is nothing in the record that reflects the appellant asked the court to set a hearing, asked the court for a ruling on the motion, or even brought up the transfer hearing request prior to the start of the trial. Failure to obtain a ruling precludes our review of that argument on appeal. *Magness v. State*, 2012 Ark. App. 609, __ S.W.3d __. Because Robinson never obtained a ruling on her motion below, we will not consider this argument now.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Kearney Law Office*, by: *Jason P. Kearney*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.